IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 SEP 30 AM 10: 41

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| GEORGE WILLIAM WOFFORD, | X | |
| Plaintiff, | X | |
| vs. | X | No. 04-2732-Ml/V |
| UNITED STATES OF AMERICA, | X | |
| Defendant. | X | |

ORDER CORRECTING THE DOCKET
ORDER GRANTING THE DEFENDANT'S MOTION TO DISMISS
AND
ORDER DENYING A CERTIFICATE OF APPEALABILITY

Plaintiff George William Wofford filed a pro se complaint on the form used for commencing actions pursuant to 42 U.S.C. § 1983 on September 16, 2004, along with a motion to proceed in forma pauperis. The Court issued an order on January 20, 2005 denying leave to proceed in forma pauperis and directing the plaintiff to pay the civil filing fee within thirty days. Plaintiff paid the filing fee on January 25, 2005. The Court issued an order on February 4, 2005 authorizing the clerk to issue summonses to the plaintiff and directing the plaintiff to serve the defendant pursuant to Fed. R. Civ. P. 4(i)(2)(A). On March 7, 2005, plaintiff filed proof that the "Director of IRS" had been served by certified mail, addressed to 5333 Getwell Rd. in Memphis, on February 24, 2005. The defendant filed a motion to dismiss on May 3, 2005. Plaintiff filed a response to the motion on May 11, 2005. Plaintiff

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 10-3-05



filed another document on September 1, 2005 that appears to be an additional response to the defendant's motion. Although that additional document is plainly untimely, the Court will exercise its discretion to consider it in response to the motion to dismiss.

Although the defendant's motion raises a number of issues, it is only necessary at this time to address two issues, which are dispositive. First, the defendant[1] has moved to dismiss the complaint for failure to make proper service.[2] Pursuant to Fed. R. Civ. P. 4(i)(1),

> [s]ervice upon the United States shall be effected
>
> (A)  by delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
>
> (B)  by also sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and
>
> (C)  in an action attacking the validity of an order of an officer or agency of the United States not made a

---

[1] As a preliminary matter, the defendant points out that the proper defendant is the United States of America rather than the Internal Revenue Service. United States' Memorandum in Support of Its Motion to Dismiss, filed May 3, 2005 ("D. Br."), at 2 n.1. It would not be appropriate to dismiss this pro se complaint on that very technical basis, see Haines v. Kerner, 404 U.S. 519 (1972), and the defendant suggests that "[t]he United States should be substituted in the stead of the Internal Revenue Service." D. Br. at 2 n.1. Accordingly, the clerk is ORDERED to substitute the United States of America as the defendant in this action and lieu of the Internal Revenue Service.

[2] Although the defendant purports to rely on Fed. R. Civ. P. 12(b)(1), the failure properly to serve a defendant has no bearing on the Court's subject-matter jurisdiction. Instead, the defendant's motion is properly brought pursuant to Fed. R. Civ. P. 12(b)(4) & (5).

2

party, by also sending a copy of the summons and of the complaint, by registered or certified mail to the officer or agency.

The February 4, 2005 order put the plaintiff on notice of the proper means of making service.[3] The defendant's motion points out that "[t]he plaintiff failed to serve the United States Attorney for the Western District of Tennessee or the Attorney General of the United States." D. Br. at 2.

In his response to the motion to dismiss, which was filed on May 11, 2005, the plaintiff stated:

> I did not know that the Dept. of [J]ustice and the U.S. [A]ttorney's office needed to be submitted with paperwork.
>
> I have mailed today the trial papers to Mr. Joshua D. Smeltzer and a copy for Mr. Terrell 1. [sic] Harris.
>
> AS [sic] soon as I get service on these people, I will inform you also.

As a preliminary matter, service on Mr. Smeltzer, one of the attorneys representing the defendants, is not equivalent to service on the United States Attorney General. The plaintiff's response also does not attest that service was made by registered or certified mail. More importantly, plaintiff has not, to date, filed

---

[3] On the assumption that the Internal Revenue Service was a proper defendant, that order stated that "[t]he Plaintiff is responsible for ensuring that service is effected on the Defendant pursuant to Fed. R. Civ. P. 4(i)(2)(A)." 02/04/05 Order at 2. That section provides:

> Service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.

In this case, if the plaintiff had complied with Rule 4(i)(2)(A), he would also have complied with Rule 4(i)(1).

3

proof that the defendant has been properly served. Accordingly, the complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(4) & (5).

Although the Court ordinarily would consider whether this pro se plaintiff is entitled to an additional opportunity to obtain service on the defendant or to demonstrate that service has already been made,[4] in this case the defendant's motion makes clear that the plaintiff's complaint is also subject to dismissal for another reason. The complaint was filed on the form used for commencing actions pursuant to 42 U.S.C. § 1983, which applies to violations of rights secured by the United States Constitution or federal law by persons acting under color of state law. The IRS, a federal agency, acts under color of federal law. Franklin v. Henderson, No. 00-4611, 2000 WL 861697, at *1 (6th Cir. June 20, 2001) ("The federal government and its officials are not subject to suit under 42 U.S.C. § 1983."); Kostyu v. Ford Motor Co., No. 85-1207, 1986 WL 16190, at *1 (6th Cir. July 28, 1986) ("We observe initially the lack of state action which would provide jurisdiction for this action under § 1983. The defendants are federal officials and private parties carrying out federal income tax policies.").

---

[4] Although the Court is obligated to ensure that service is properly made when a plaintiff is proceeding in forma pauperis, Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996), the responsibility for properly serving a paid complaint rests with the plaintiff, id.; Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m)."). In this case, the Court explicitly advised of the requirements for proper service, and the defendant's motion plainly put him on notice that his efforts to obtain personal jurisdiction over the defendant were insufficient.

4

The Court had construed the complaint as one seeking a refund of the plaintiff's federal tax liabilities. Under 28 U.S.C. § 1346(a)(1), this Court has jurisdiction over suits for refund of any internal revenue tax assessed or collected including penalties. The Supreme Court held in <u>Flora v. United States</u>, 362 U.S. 145 (1960), that federal courts lack jurisdiction under 28 U.S.C. § 1346(a)(1) where the taxpayer has not paid the full amount assessed, including interest and penalties. Moreover, pursuant to 26 U.S.C. § 7422(a), payment of the disputed tax and the filing of a claim for a refund with the IRS are conditions precedent to suit.[5]

The complaint does not allege that the plaintiff has paid the amount assessed and filed a claim for a refund. <u>See</u> Fed. R. Civ. P. 9(c). The defendant has submitted evidence indicating that the plaintiff has not paid the full amount assessed for tax years 2001 and 2003, which seem to be the tax years at issue. The plaintiff's supplemental response, which was filed on September 1, 2005, does not explicitly state that the plaintiff has paid the full amount assessed, although it does indicate that money was seized from the plaintiff's bank account. Accordingly, to the extent the complaint is construed to seek a refund of a portion of the plaintiff's federal income taxes, it is subject to dismissal,

---

[5] Section 7422(a) provides as follows: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary [of the Treasury], according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."

5

pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject-matter jurisdiction, and pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim on which relief may be granted, due to the plaintiff's failure to satisfy the conditions precedent to suit.

Finally, the plaintiff's complaint, and his supplemental response, indicates that he is also seeking money damages for the discourteous treatment he contends he encountered at a local IRS office. The defendant's response does not address this aspect of the complaint. Nonetheless, it is plainly lacking in substantive merit.[6] The United States and its agencies can be sued only to the extent to which they have waived sovereign immunity. United States v. Orleans, 425 U.S. 807, 814 (1976); Feyers v. United States, 749 F.2d 1222, 1225 (6th Cir. 1984); Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 653 F. Supp. 1200, 1206 (E.D. Mich. 1986). A waiver of sovereign immunity cannot be implied but, rather, must be unequivocally expressed by Congress. United States v. Mitchell, 445 U.S. 535, 538 (1980); Johnson v. Hubbard, 698 F.2d 286, 290 (6th Cir. 1983); Jahn v. Regan, 584 F. Supp. 399, 406 (E.D. Mich. 1984). Although the United States has waived its sovereign immunity for claims brought pursuant to the Federal Tort Claims Act ("FTCA"), 28

---

[6] According to the Sixth Circuit, "a district court may not sua sponte dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." Apple v. Glenn, 183 F.3d 477, 478 (6th Cir. 1999) (per curiam); see also Benson v. O'Brian, 179 F.3d 1014 (6th Cir. 1999); Tingler v. Marshall, 716 F.2d 1109, 1112 (6th Cir. 1983). There is an exception to this general rule, however, that permits a district court to dismiss a complaint "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple, 183 F.3d at 478 (citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)).

6

U.S.C. § 2671 et seq., the Court declines to construe the complaint as arising under the FTCA because it does not appear that the plaintiff has properly exhausted his claim as required by 28 U.S.C. § 2675. Accordingly, it is unnecessary to consider whether, under the circumstances of this case, rudeness by a federal employee constitutes a tort.

For all the foregoing reasons, the Court GRANTS the defendant's motion to dismiss.

The Court must also consider whether plaintiff should be allowed to appeal this decision in forma pauperis, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Fed. R. App. P. 24(a). See Callahan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on appeal, he must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. The same considerations that lead the Court to grant the defendant's motion

7

to dismiss also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, Fed. R. App. P. 24(a), that any appeal in this matter by plaintiff is not taken in good faith. Leave to proceed on appeal in forma pauperis is, therefore, DENIED. Accordingly, if plaintiff files a notice of appeal, he must also pay the full $255 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this 30 day of September, 2005.

JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 19 in case 2:04-CV-02732 was distributed by fax, mail, or direct printing on October 3, 2005 to the parties listed.

---

Terrell L. Harris
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

George William Wofford
3333 Poplar Avenue
Memphis, TN 38111

Joshua Smeltzer
US DEPARTMENT OF JUSTICE
P.O. Box 227
Washington, DC 20044

Honorable Jon McCalla
US DISTRICT COURT